UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


Nos. 95-1224
95-1337

AFL-CIO LAUNDRY AND DRY CLEANING
INTERNATIONAL UNION,

Plaintiff - Appellant,

v.

AFL-CIO LAUNDRY, ET AL.,

Defendants - Appellees.



APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Lynch, Circuit Judge, 
and Stearns,* District Judge. 



Nathan S. Paven, with whom Paven & Norton, Warren H. Pyle, 
Lois H. Johnson and Angoff, Goldman, Manning, Pyle, Wanger & 
Hiatt, P.C. were on brief for appellant. 
Shelley B. Kroll, with whom Anne R. Sills and Segal, Roitman 
& Coleman were on brief for appellees. 



December 5, 1995


 

* Of the District of Massachusetts, sitting by designation.

TORRUELLA, Chief Judge. The AFL-CIO Laundry and Dry TORRUELLA, Chief Judge. 

Cleaning International Union ("the International") appeals the

district court's decision to deny its motion for an injunction to

compel the AFL-CIO Laundry and Dry Cleaning International Union,

Local 66 ("Local 66") and several of its officers to turn over

assets, books, and records to a trustee appointed by the

International. We affirm the decision of the district court.

BACKGROUND BACKGROUND

The following facts are not in dispute. Local 66

represents laundry workers in the Somerville, Massachusetts area.

On August 25, 1993, Local 66 wrote to the International

requesting its approval to disaffiliate from the International in

order to reaffiliate with the Amalgamated Clothing & Textile

Workers International Union ("ACTWU"). The International denied

Local 66's request. Thereafter, Local 66's membership voted to

disaffiliate, and Local 66 informed the International of this

decision on November 18, 1994.

In response, the International declared that, under its

constitution, an emergency existed with regard to Local 66. The

International suspended all of Local 66's officers and appointed

a trustee over Local 66. Local 66 did not recognize the trustee,

and also refused to turn over its books, records, bank accounts

and premises.

On December 12, 1994, the International filed a

complaint requesting injunctive relief to force Local 66's

officers to recognize the trustee. The district court denied

-2- -2-

this request in its Order of January 26, 1995. When the district

court made its decision, the merits of the underlying dispute

were before the National Labor Relations Board, which has since

decided that Local 66 (now "Local 66L," but referred to in this

opinion as "Local 66") will represent the workers as an ACTWU

affiliate. See Aramark Uniform Services, Case 1-CA-32465 

(N.L.R.B. May 10, 1995) (memorandum also addressing companion

cases). Here, the International appeals the district court's

decision denying injunctive relief.

DISCUSSION DISCUSSION

We review a district court's denial of a motion for

preliminary injunction only for "abuse of discretion" or "clear

error" of fact or related law. Coastal Fuels v. Caribbean 

Petroleum, 990 F.2d 25, 26 (1st Cir. 1993); Planned Parenthood 

League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981). 

To be entitled to a preliminary injunction, the

International had to show the district court (1) that it would

suffer irreparable harm if the injunction were not granted; (2)

that such injury outweighed any harm which granting injunctive

relief would inflict on the defendant; (3) a likelihood of

success on the merits; and (4) that the public interest would not

be adversely affected by granting the injunction. See, e.g., Pye 

on Behalf of NLRB v. Sullivan Bros., 38 F.3d 58, 63 (1st Cir. 

1994); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st 

Cir. 1991).

-3- -3-

The district court denied the International's motion on

the grounds that the International failed to show either

likelihood that it would succeed on the merits or that it would

suffer irreparable harm if the injunction did not issue. In

particular, the district court found that contrary to a

likelihood of success, the International was likely to fail on

the merits since the trusteeship aimed at the illegitimate

purpose of preventing Local 66's disaffiliation. Additionally,

the district court found that the true harm to the International,

the loss of the workers in Local 66, had already occurred, while

the harm that the International claimed, inability to exercise

its rights under its constitution, was merely "symbolic."

On appeal, the International responds that it is not

trying to use the trusteeship to prevent disaffiliation. It

explains that since disaffiliation has already taken place, it

simply wishes to recover the property, books, and records of the

entity it terms "Local 66, Laundry Workers," which it claims is

still extant. As a result of this asserted continued existence,

the International further argues that its trusteeship is valid

and it will likely succeed on the merits. Furthermore, the

International contends that it is favored by the balance of harms

test, since this test requires that the International be given

the sought-after assets in order to compete with Local 66 for

worker support.

-4- -4-

The validity of a trusteeship, as the district court

recognized, is governed by Section 462 of the Labor Management

Reporting and Disclosure Act, which states that:

Trusteeships shall be established and
administered by a labor organization over
a subordinate body only in accordance
with the constitution and bylaws of the
organization which has assumed
trusteeship over the subordinate body and
for the purpose of correcting corruption
or financial malpractice, assuring the
performance of collective bargaining
agreements or other duties of a
bargaining representative, restoring
democratic procedures, or otherwise
carrying out the legitimate objects of
such labor organization.

29 U.S.C. 462 (1988). Section 462 sets forth specific

legitimate reasons for imposing a trusteeship that benefits a

union's membership, including: correcting corruption or

financial malpractice; assuring the performance of collective

bargaining agreements or other bargaining duties; and restoring

democratic procedures. Id. However, courts have widely 

recognized that preventing disaffiliation is not a proper purpose

under 462 for the imposition of a trustee. Local Union 13410 

v. United Mine Workers, 475 F.2d 906, 912 (D.C. Cir. 1973); 

United Bhd. of Carpenters v. Brown, 343 F.2d 872, 873 (10th Cir. 

1965); Boilermakers v. Local Lodge 1244, 1988 WL 114590, *5 (N.D. 

Ind.); International Bhd. of Boilermakers v. Local Lodge D405, 

699 F. Supp. 749, 755 (D. Ariz. 1988); International Bhd. of 

Boilermakers v. Local Lodge D74, 673 F. Supp. 199, 203 (W.D. Tex. 

1987).

-5- -5-

The International correctly contends that 462 confers

on its trustee a presumption of validity, unless Local 66 can

show by clear and convincing evidence that the trusteeship was

not established in good faith for a purpose under the Act. 29

U.S.C. 464(c) (1988).1 However, the district court found that

Local 66 had met this burden, since the International made no

allegations and presented no evidence of financial misdeeds or

other factors that would support a trusteeship. While the

International argues that the trusteeship was imposed after the 

disaffiliation, and thus could not prevent it, we conclude that

by denying Local 66 current access to its records and funds, the

International could forestall Local 66's attempts to gain

recognition from employers as a bargaining agent affiliated with

ACTWU. The strongest evidence was that the International sought

 

1 Which states that:

In any proceeding pursuant to this
section a trusteeship established by a
labor organization in conformity with the
procedural requirements of its
constitution and bylaws and authorized or
ratified after a fair hearing either
before the executive board or before such
other body as may be provided in
accordance with its constitution or
bylaws shall be presumed valid for a
period of eighteen months from the date
of its establishment and shall not be
subject to attack during such period
except upon clear and convincing proof
that the trusteeship was not established
or maintained in good faith for a purpose
allowable under section 462 of this
title.

Id. 

-6- -6-

the trusteeship to influence the matter of the disaffilation

vote.

On appeal, the International also contends that it

requires the books and records in order for its "Local 66,

Laundry Workers" to continue representing workers, a valid reason

for a trusteeship under 462. However, the district court has

already found that the International and its appointed trustees

were not representing workers after the disaffiliation, but were

instead sitting atop an "empty shell." The district court so

determined based on evidence that 98 percent of those voting from

Local 66 had voted to disaffiliate and that in less than three

months all but two of fifteen employers had already expressed

willingness to recognize Local 66 as an ACTWU affiliate. We

uphold the district court's factual finding that "Local 66,

Laundry Workers" is an empty shell as not clearly erroneous, and

thus reject the International's argument that it needs the assets

for ongoing representation.

We also uphold the district court's finding that the

balance of harms test favors denying the motion for an

injunction. On appeal, the International contends that the

district court failed to recognize the irreparable harm that

resulted from being deprived of the assets in question while the

International had bargaining rights to protect. However, the

district court recognized that Local 66, ACTWU was already

representing the bulk of the employees in question, and so the

balance of harms favored denying the injunction. While the

-7- -7-

International may indeed have been inhibited in competing for the

workers' representation, that harm does not outweigh the danger

of obstructing their actual current representation. We uphold

the district court's finding.2 For the foregoing reasons, the

judgment of the district court is affirmed. Double costs to affirmed. 

appellee.

 

2 Appellant has asked for a status conference in order to settle
the question of its entitlement to the requested records, a
request which the district court may consider at its discretion.

-8- -8-